# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICARDO LOPEZ, <br> SID # 497534, <br><br> Petitioner <br><br> v. <br><br> AMADEO ORTIZ[1], Bexar County Sheriff, <br><br> Respondent | § § § § § § § § § § § | Civil Action <br> No. SA-11-CA-273-OG (NN) |

## SHOW CAUSE ORDER

Before the Court is petitioner Ricardo Lopez's 28 U.S.C. § 2254 habeas corpus petition. However, petitioner does not explain what in particular he is challenging, and petitioner does not explain why he is incarcerated.

Petitioner claims he is challenging "judgment debtor proving net worth. Determination of net worth." He states the court that entered the judgment of conviction is the 51st District Court of Bexar County, Texas, but petitioner also states the date of judgment of conviction and the length of sentence are not applicable. Petitioner refers to case number 0595950801 and cause number 98EM504135, but he does not explain what that case number or cause number are about. Petitioner refers to a "petition to establish the parent-child relationship," an "affidavit decree termination parental rights," a "modification agreed interlocutory child custody," "retroactive child support," and "guideline findings net resources." As grounds for relief, petitioner states there is sufficient cause of a psychiatric evaluation for father's mental condition. Petitioner asserts the father's behavior was erratic and violent and an examination was necessary for the trial court to determine the best interests

---

[1] Petitioner Lopez is incarcerated in the Bexar County Adult Detention Center, so the proper respondent is Amadeo Ortiz, Bexar County Sheriff.

of the children. Petitioner contends waivers should not be obtained from unrepresented persons, and a person should not be threatened by the Attorney General without good cause. Petitioner states he has been in and out of prison and that he has been in custody for more than two years "on this fabricated case cause 2008cr7574." He contends the judgment must set out the amount and type of security the judgment debtor must post. Petitioner asserts the trial court must issue an order stating the debtor's net worth, with the factual basis for that determination. He refers to the determination of support "as a poor person with no job or income."

Attached to the petition is what purports to be a request to the Fourth Court of Appeals of Texas to file a late notice of appeal in cause number 98EM504135 and case number 0595950801. In that pleading, petitioner refers to "validity of debt owed to state" and "a person obligated to pay child support." Petitioner cites a case in which a father was held in contempt for failing to pay child support. He asserts a parent has the right every three years to request a review of the ordered child support amounts.

Petitioner's habeas corpus petition in this Court is unclear. It is unclear whether petitioner is complaining about his incarceration or whether he is complaining about some aspect of a family law case in state court. Petitioner has not alleged facts showing he is entitled to § 2254 habeas corpus relief, because he does not allege facts to show his custody violates his federal constitutional rights.

To the extent Lopez may have intended to file a 42 U.S.C. § 1983 civil rights complaint, Title 28 U.S.C. § 1915(e)(2)(B) requires this Court to screen prisoners' in forma pauperis complaints and dismiss the complaint if the court determines it is frivolous or malicious, or it fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual

basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982).

Here, Lopez fails to allege how a state actor violated any of Lopez's rights secured by the Constitution and laws of the United States. Also, under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The

*Rooker-Feldman* doctrine involves "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283-84 (2005). "The *Rooker-Feldman* doctrine has frequently been used to dismiss civil rights complaints that . . . are in essence challenges to state court divorce decrees." *Bell v. Valdez*, 2000 WL 122411, 207 F.3d 657 (5th Cir. 2000) (unpublished, No. 99-40661); *see also Pilkington v. Pilkington*, 389 F.2d 32 (8th Cir. 1968). This Court has no jurisdiction in domestic relations matters and a disgruntled litigant cannot seek review of a domestic relations matter by trying to cast the case as a civil rights action. *See Brown v. Hammonds*, 747 F. 2d 320, 322 (5th Cir. 1984) ("'The reasons for federal abstention in [domestic relations] cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts'"); *Brinkmann v. Johnston*, 793 F. 2d 111, 112 (5th Cir. 1986) ("'[A] lengthy line of decisions in our court, . . . holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.' . . . Errors committed by state judges in state courts are for correction in the state court system.").

Because Lopez's pleading is unclear, he has not alleged facts showing his civil rights have been violated. To the extent Lopez intended to file a § 1983 civil rights complaint, his pleading is frivolous and fails to state a claim for the foregoing reasons.

**Within twenty-one (21) days of the date of this Order, to clarify petitioner's pleading in this Court, petitioner shall state what he is challenging. If he is challenging his**

4

incarceration, he shall state whether his incarceration is because of a criminal conviction, because of a pending criminal case, or because of some other reason such as contempt of court. If petitioner is challenging his incarceration, he shall state the cause number for which he is incarcerated. If petitioner is challenging his incarceration, he shall state his grounds for challenging his incarceration and the facts that he relies upon to show his incarceration is in violation of his federal constitutional rights. Petitioner is cautioned that conclusory and speculative allegations are not sufficient to entitle a petitioner to relief in a § 2254 case. *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

If petitioner is challenging something other than his incarceration, such as an order to pay child support or an order or judgment terminating parental rights, petitioner shall state what it is that he is challenging, he shall state the cause number of the matter he is challenging, and he shall state why the matter he is challenging violates his federal constitutional rights. Again, however, under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Also as previously stated, this Court has no jurisdiction in domestic relations matters and a disgruntled litigant cannot seek review of a domestic relations matter by trying to cast the case as a civil rights action. *See Brown v. Hammonds*, 747 F. 2d 320, 322 (5th Cir. 1984).

If petitioner meant only to file an appeal in the Fourth Court of Appeals, and he did not mean to file a case in this Court, he shall so state and he shall move to dismiss the case in this

5

Court.

Also, petitioner has filed a motion to proceed in forma pauperis, but it is incomplete because it is not accompanied by an inmate trust fund account statement. Therefore, also within twenty-one (21) days of the date of this Order, petitioner shall submit a current inmate trust fund account statement.

If petitioner fails to respond to this Order, his petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**IT IS SO ORDERED.**

**SIGNED** on April 25, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE